IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES C. HAIRSTON | ) | CASE NO. 1:09CV2838 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Charles C. Hairston brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Cuyahoga County and the State of Ohio. Plaintiff alleges that he was convicted of crimes in North Carolina and Ohio. On October 25, 2006, he applied for relief from prohibition from acquiring, having, carrying or using firearms pursuant to R.C. 2923.14. His application for relief from disability was denied by the Common Pleas Court of Cuyahoga County. An appeal to the Ohio Eighth District Court of Appeals was dismissed on December 2, 2009 due to deficiencies in perfecting the appeal. Plaintiff asserts that his application for relief from disability was denied without just cause or legal basis which constitutes an abuse of discretion and manifest injustice. Defendants' refusal to comply with state law also allegedly violates Article 2 § 26 of the Ohio Constitution by selectively and discriminatorily applying these laws to some and not to all litigants throughout the state. Plaintiff seeks compensatory and punitive damages as well as a declaratory judgment that 18 U.S.C. § 925(c) applies to all state firearms disabilities.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of

merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds that the claims asserted in this action satisfies these criterion.

Plaintiff is actually challenging a state court decision. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, 1999 WL 801562 * 2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992).

The United States Court of Appeals for the Sixth Circuit uses a two pronged inquiry when assessing whether Rooker-Feldman bars a particular claim or cause of action. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything

other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine bars a district court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case rather than a general constitutional challenge to the governing state law. *Id.*; *Tropf*, 289 F.3d at 937.

Plaintiff alleges that defendants refusal to comply with state law also violates Article 2 § 26 of the Ohio Constitution by selectively and discriminatorily applying these laws to some and not to all litigants throughout the state. In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Violation of state law does not constitute a constitutional violation or violation of a law of the United States. *Monroe v. McNairy County, Tenn.*, 520 F.Supp.2d 917, 920 (W.D. Tenn., 2007) (citing *Baker v. McCollan*, 443 U.S. 137, 146 (1979)).

Also, the State of Ohio is not a proper party to suits seeking compensatory and punitive damages. The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep. 23, 2009)

(citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3   Rev.Code Ann. § 2743.02(A)(1) (West 2009). *See McGuire v. Ameritech Services, Inc*., 253 F.Supp.2d 988, 997 (S.D. Ohio, 2003) (where immunity is not waived, the Supreme Court has treated a state's absolute protection from suit as tantamount to a jurisdictional bar to a federal court's ability to hear the case).

Cuyahoga County is included as a party defendant. Ohio revised Code Section 2744.02(A)(1) provides: "[A] political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." § 2744.02(A)(1). There are five exceptions set forth in R.C. 2744.02(B) none of which applies here. *Jordan v. Murphy*, 145 Fed.Appx. 513, 518 (6th Cir. 2005).

Accordingly, plaintiff's Motion to Proceed In Forma Pauperis is granted. This action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**


Date:   January 27, 2010                                                        S/Christopher A. Boyko
                                                                                JUDGE   CHRISTOPHER   A.   BOYKO
                                                                                UNITED STATES DISTRICT JUDGE